UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSE ANTONIO ARMENDARIZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:23-cv-00423-MPB-MJD |
| ) | |
| STEVE KALLIS Warden, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Jose Antonio Armendariz, a federal inmate, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a prison disciplinary proceeding identified as Incident Report No. 3680726. For the reasons explained in this Order, Mr. Armendariz's habeas petition is **denied,** and this action is dismissed with prejudice.

**I.     Overview**

Federal inmates seeking to challenge the loss of good time credits in prison disciplinary proceedings on due process grounds may petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Jones v. Cross*, 637 F.3d 841, 845 (7th Cir. 2011). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974); *Jones*, 637 F.3d at 845 (same for federal inmates).

1

## II.     Disciplinary Proceeding

On September 30, 2022, after discovering a package addressed to Mr. Armendariz with drugs inside, Prison Chaplain Gomulka wrote incident report number 3680726 charging him with Prohibited Act Code 113: Possessing Drugs or Alcohol, Code 112: Use of Drugs or Alcohol, Code 111: Introduction of Drugs or Alcohol, and Code 196: Criminal Mail Abuse. Dkt. 17-1 at 2-3; dkt. 17-3 at 7-9, 14-23.

BOP staff investigated the incident and learned that in the days prior to the package arriving, one of Mr. Armendariz's personal contacts called the prison several times to inquire about a package she had sent to him, care of the Chaplain. Dkt. 17-3 at 16-17. The caller asked numerous strange questions about Chaplain Gomulka. *Id*. BOP staff also learned that earlier in the month of September, Mr. Armendariz received a call from the same number in which he directed the female caller to send certain items to him in care of Chaplain Gomulka. Dkt. 17-1 at 5; dkt. 17-3 at 4.

On September 30, Chaplain Gomulka discovered the amphetamines in a package addressed to Mr. Armendariz in care of himself. Dkt. 17-1 at 2-3; dkt. 17-3 at 7, 18-25. The package contained a necklace that had a package of powder attached to it, which was sent for substance testing. Dkt. 17-3 at 7, 18-25. The powder substance was tested twice, testing positive for amphetamines both times. Dkt. 17-1 at 2-4; dkt. 17-3 at 7, 18-25.

On October 1, Lieutenant Karlan gave Mr. Armendariz a copy of the incident report and advised him of his rights. Dkt. 17-1 at 4; dkt. 17-3 at 2, 7. Lt. Karlan concluded that Mr. Armendariz did commit the prohibited acts and forwarded the incident report to the Unit Disciplinary Committee ("UDC") for further proceedings. Dkt. 17-1 at 4; dkt. 17-3 at 2, 7, 9. Mr. Armendariz appeared before the UDC on October 2. Dkt. 17-3 at 8. The UDC referred the charge

to Disciplinary Hearing Officer ("DHO") Estrada for further hearing. *Id*. Also on October 3, Mr. Armendariz was advised of his due process rights. Dkt. 17-3 at 2, 11.

DHO Estrada conducted the disciplinary hearing on November 28. Dkt. 17-1 at 5; dkt. 17-3 at 2-6. At the hearing, Mr. Armendariz stated that he did not want to call any witnesses, waived his right to a staff representative, and stated he had no documentary evidence to submit. Dkt. 17-3 at 3, 13. Based upon the greater weight of the evidence, DHO Estrada concluded that Mr. Armendariz committed the prohibited act of Code 111A: Introduction of Drugs (Attempted). Dkt. 17-1 at 5; dkt. 17-3 at 2-6. The DHO considered the following evidence: Mr. Armendariz's statement disputing the charges, the fact that Mr. Armendariz did not present any evidence, staff memoranda describing calls from a woman calling from a number in Armendariz's personal contacts, BOP staff's comparison of Mr. Armendariz's personal contact list to his incoming and outgoing calls, evidence photos of the package and its contents, and drug test results. Dkt. 17-1 at 5; dkt. 17-3 at 2-56.

The following sanctions were imposed: 41 days disallowed good conduct time, 30 days of disciplinary segregation, and 120 days loss of commissary and visitation privileges. Dkt. 17-1 at 5; dkt. 17-3 at 5. The DHO report was completed on December 6 and delivered to Mr. Armendariz on December 12. Dkt. 17-3 at 6.

**Analysis**

Mr. Armendariz argues that his due process rights were violated because the BOP failed to respond to his appeal attempts, that insufficient evidence supported his conviction, that he had no

3

opportunity to defend himself, and that the BOP violated its own policy. Dkt. 1 at 6-8. For the following reasons, each argument fails on the merits.[1]

### A. Appeal Process

First, Mr. Armendariz raises several arguments regarding the appeal process and his attempts to exhaust his administrative remedies. Dkt. 1 at 6-8. However, there is no due process right to an administrative appeal, and thus any errors during the administrative appeal process cannot form the basis for habeas relief. The Supreme Court in *Wolff* made clear that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." 418 U.S. at 556. The due process rights that apply, which are set forth in detail in *Wolff*, do not include any safeguards during an administrative appeal, nor even a right to appeal at all. Accordingly, the Court need not address Mr. Armendariz's arguments pertaining to his appeal.

### B. Sufficiency of Evidence

Mr. Armendariz next contends that there was no evidence to support his guilt. Dkt. 1 at 7. A court reviewing a prison disciplinary action cannot concern itself with whether the allegations against the petitioner are factually true. Rather, the "hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir.

---

[1] The Court acknowledges the respondent's contention that Mr. Armendariz failed to fully, completely, and properly exhaust his available administrative remedies. Although exhaustion "ordinarily" should be resolved before a claim's merits, the Supreme Court has never held that "the procedural-bar issue must invariably be resolved first." *Brown v. Watters*, 599 F.3d 602, 610 (7th Cir. 2010) (internal quotation omitted). Here, addressing the merits provides a more efficient resolution.

2002). "[T]he relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added); *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012).

The "'some evidence' standard" is "a 'meager threshold.'" *Jones*, 637 F.3d at 849 (quoting *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007)). Once the Court finds "some evidence" supporting the disciplinary conviction, the inquiry ends. *Id.* This Court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018) (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)).

Here, there is "some evidence" in the record that supports Mr. Armendariz's disciplinary conviction. This evidence includes staff memoranda describing calls from a woman calling from a number in Mr. Armendariz's personal contacts inquiring about a package she sent after being told to send it by Mr. Armendariz, photos of the package and drugs, and the drug tests results. Dkt. 17-1 at 5; dkt. 17-3 at 2-56. The staff statements, phone logs, and drug test results may not be true, but they are "some evidence" that Mr. Armendariz attempted to introduce drugs into the facility, and that is enough to satisfy due process. Mr. Armendariz asks the Court to accept his contrary statement and afford it more weight than the BOP staff reports, but the Court not re-weigh the evidence.

### C. Denial of Evidence

Mr. Armendariz argues that he was deprived of his ability to defend himself. Dkt. 1 at 8. Due process affords an inmate in a disciplinary proceeding a limited right to present "evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or

5

correctional goals." *Wolff*, 418 U.S. at 566. But due process is not violated unless the inmate is deprived of an opportunity to present *material*, *exculpatory* evidence. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003). Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see Jones*, 637 F.3d at 847, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780–81 (7th Cir. 2008). The habeas petitioner faces the burden of establishing that any evidence he was denied was material and exculpatory. *See Piggie*, 344 F.3d at 678 (noting the petitioner did not "explain how [the requested witness's] testimony would have helped him" and thus "the district court properly denied relief" on the petitioner's claim that he was wrongfully denied a witness).

With one limited exception, Mr. Armendariz does not state what evidence or witnesses he would have presented and therefore has not carried his burden of demonstrating that he was deprived of his right to present material, exculpatory testimony or evidence. Dkt. 1 at 8. Mr. Armendariz argues that "affidavits from alleged sender are available disputing that anything of contraband nature was "NEVER" sent by the accused business and/or its owners." Dkt. 1 at 7 (quoted as in original). The purported affidavits from the sender are not attached to his filing. At the hearing, Mr. Armendariz stated that he did not want to call any witnesses, waived his right to a staff representative, and stated he had no documentary evidence to submit. Dkt. 17-3 at 3, 13.

Assuming for the sake of argument that Mr. Armendariz sought to present the statement of the sender at his hearing, it would be at best material but not exculpatory. The drugs were found hidden in an incoming package addressed to Mr. Armendariz and tested positive for amphetamines in two separate tests. Dkt. 17-3 at 18-25. The sender may attest they did not send contraband, but the documented images and drug testing reveals that there were drugs sent to Mr. Armendariz in a

6

concealed package. Therefore, viewed in the light most favorable to Mr. Armendariz, the alleged statement from the sender that they did not intend to send contraband would not contradict the finding of guilt. *Jones*, 637 F.3d at 847. Contraband in the form of concealed drugs was sent to Mr. Armendariz in the mail. He was not denied due process by the DHO not considering this purported evidence that was only "available" after the hearing.

### D. Policy Violation

Mr. Armendariz also argues that the BOP violated its own policies in imposing the sanctions on him. Dkt. 1 at 8. But prison policies are "primarily designed to guide correctional officials in the administration of a prison" and not "to confer rights on inmates." *Sandin* v. Conner, 515 U.S. 472, 481–82 (1995). Therefore, claims based on prison policy are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review.").

### E. Reply Brief arguments

Mr. Armendariz asserts new procedural due process arguments for the first time in his reply brief. He argues that the advanced written notice was insufficient because his charge was changed at the hearing and that he had not previously seen the evidence that supported the DHO's determination of guilt. Dkt. 23 at 6-9. But "arguments raised for the first time in a reply brief are

7

deemed waived." *Griffin v. Bell*, 694 F.3d 817, 822 (7th Cir. 2012). The Court will not address these arguments on the merits.

### Conclusion

Because the record shows that Mr. Armendariz received all the due process to which he was entitled, *i.e.*, proper notice, the opportunity to call witnesses and present evidence, and a written statement of the disciplinary action and evidence justifying it, his due process challenges are without merit. *Wolff,* 418 U.S. at 563-67.

For the reasons stated above, this action is **denied**. Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED**.

Dated: August 21, 2025

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

JOSE ANTONIO ARMENDARIZ
27078-279
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Joi Kamper
DOJ-USAO
joi.kamper@usdoj.gov